IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


LAUREL MUNICIPAL DEMOCRATIC
EXECUTIVE COMMITTEE, ET AL                                           PLAINTIFFS

VERSUS                                CIVIL ACTION NO. 2:05cv118KS-JMR

DEMOCRATIC EXECUTIVE COMMITTEE, ET AL                 DEFENDANTS


**ORDER**

This matter is before the Court on Motion to Dismiss filed on behalf of defendants Wayne Dowdy and Keelan Sanders **[#38]** and Motion to Dismiss filed on behalf of defendant Carolyn Harper **[#37]** and on the plaintiffs' Motion to Reconsider Denial of *In Forma Pauperis* Status to plaintiff Harold J. Blakely **[#33]** and on the plaintiffs' Motion for Default Judgment **[#40]**. The court has reviewed the motions, responses, briefs of counsel, authorities cited and the pleadings and exhibits on file. After a thorough consideration of the foregoing, the court is of the opinion that both motions should be granted based on the following.

The court entered a previous order of dismissal as to several defendants in this matter on October 21, 2005. That order contains a description of the relevant facts of this case. The plaintiffs have attempted to amended their Complaint to add the above named three defendants, who have moved to dismiss for failure to state a claim under Rule 12(b)(6). Federal Rules of Civil Procedure.

Under Rule12(b)(6), a claim may be dismissed when a plaintiff fails to allege any

set of facts in support of his claim which would entitle him to relief.  *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir.1998).  When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.  *Id.*

The plaintiffs have filed this complaint *pro se* and it is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

Taking all assertions by the plaintiffs as true, they have not pled any set of facts which would lead to liability on the part of any of these defendants.  In fact, these pleadings appear to be frivolous and totally without merit.  The court cautions the plaintiffs that continued meritless assertions which could be deemed as merely harassing conduct could subject each of them to monetary sanctions and injunctive relief.

Plaintiff Harold J. Blakely also moves this court to reconsider its denial of IFP status in its order of December 13, 2005.  The court finds no basis upon which to reconsider this order, ant the plaintiff's motion should be denied.

The plaintiffs have also moved for default judgment, presumably because the

defendants have not answered the Amended Complaint. They have filed their motions to dismiss, which forecloses a default. This motion should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Motion to Dismiss filed on behalf of defendants Wayne Dowdy and Keelan Sanders **[#38]** and Motion to Dismiss filed on behalf of defendant Carolyn Harper **[#37]** are Granted and the plaintiffs' Complaint exhibited against these defendants is Dismissed with prejudice for failure to state a claim.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff Harold J. Blakely's Motion to Reconsider the denial of IFP status **[#33]** is Denied.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiffs' Motion for Default Judgment **[#40]** is Denied.

A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 27th day of June, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE