IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LAUREL MUNICIPAL DEMOCRATIC**
**EXECUTIVE COMMITTEE, ET AL**                                              **PLAINTIFFS**

**VERSUS**                                       **CIVIL ACTION NO.  2:05cv118KS-JMR**

**DEMOCRATIC EXECUTIVE COMMITTEE, ET AL**                **DEFENDANTS**


### ORDER

This matter is before the Court on Motion to Dismiss filed on behalf of defendants Peggy Smith O'Connell, Mary E. Booth, Cynthia Felicia Mann Breland, Jacqueline Evans, Peggy McCann, Larry Coleman and the Jones County Democratic Executive Committee **[#53]**.  The court having reviewed the motion and being advised that the plaintiffs have failed to respond has also reviewed the brief of defense counsel, the authorities cited and the pleadings and exhibits on file.  After a thorough consideration of the foregoing, the court is of the opinion that the motion should be granted based on the following.

The court entered two previous orders of dismissal as to all defendants except those subject to this motion on October 21, 2005, and on June 28, 2006.  Those orders contain a description of the relevant facts of this case.  The remaining defendants have now moved to dismiss this action for failure to state a claim under Rule 12(b)(6). Federal Rules of Civil Procedure.

Under Rule12(b)(6), a claim may be dismissed when a plaintiff fails to allege any

set of facts in support of his claim which would entitle him to relief.  *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir.1998).  When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.  *Id.*

The plaintiffs have filed this complaint *pro se* and it is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

The plaintiffs generally allege that these defendants took actions to remove the plaintiffs from the Laurel Municipal Democratic Executive Committee which allegedly resulted in violations of state and federal election laws, the Civil Rights Act and the Voting Rights Act.  However, the plaintiffs fail to state what actions were taken by these defendants that violate any particular state and/or federal laws.

Furthermore, although the plaintiffs allege that they were wrongfully defamed by these defendants, they do not allege how they were defamed and what specific statements give rise to the tort.  One of the threshold questions in a defamation suit is whether the statement made was defamatory.  The plaintiffs' Complaint and Amended Complaint are silent as to what statements, if any, were made by the defendants which

…

wrongfully defamed the plaintiffs.

The plaintiffs' Complaint and Amended Complaint contain only conclusory and confounding statements making it impossible to determine what the defendants are alleged to have done which would give rise to liability to the plaintiffs or how any actions of these defendants damaged the plaintiffs.  Taking all assertions by the plaintiffs as true, they have not pled any set of facts which would lead to liability on the part of any of these defendants.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss filed on behalf of defendants Peggy Smith O'Connell, Mary E. Booth, Cynthia Felicia Mann Breland, Jacqueline Evans, Peggy McCann, Larry Coleman and the Jones County Democratic Executive Committee **[#53]** is Granted and the plaintiffs' Complaint and Amended Complaint exhibited against these remaining defendants are Dismissed with prejudice for failure to state a claim, that this matter is Dismissed with prejudice in its entirety and that any other pending motions are dismissed as moot.

A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 11th day of October, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE